## EX PARTE EASTMAN.

*Court of Appeals—Error proceedings—No judgment in common pleas court—Judgment set aside and cause set for trial—Judgment cannot be entered against party not before court.*

1. Judgment of court of common pleas finding that party should do certain things, and rendering judgment against him for costs, which was set aside and case set down for hearing on merits, is not one from which error can be prosecuted under Article IV, Section 6 of the Constitution.
2. Judgment cannot be entered against party who is not before the court.

(Decided June 28, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Herman P. Goebel,* for Marian W. Eastman.
*Messrs. Franks & Franks,* for Roe S. Eastman.

CUSHING, J. Section 6, Article IV, of the Constitution of Ohio, provides that ·Courts of Appeals shall have jurisdiction to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts, and other courts of record, within the district, etc.

In the case at bar, the judgment of the court of common pleas, finding that Roe S. Eastman shall do certain things, and rendering judgment against him for costs, was set aside, and the case was set down for hearing on its merits.

There is no judgment of the court of common pleas from which error can be prosecuted.

While we do not pass on the question of the

jurisdiction of the court over Roe S. Eastman, it is fundamental that a judgment cannot be entered against a party that is not before the court.

*Petition in error dismissed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.

---

IN MATTER OF TRUSTEESHIP OF KINKADE.

IN MATTER OF GUARDIANSHIP OF KINKADE.

*Guardianship—Testamentary trustee transfers funds to himself as guardian—Guardian chargeable with administration of such funds—Liability of surety on both bonds.*

H was appointed trustee under the will of K, and also guardian of the minor beneficiary named therein. Certain funds were received by H as trustee, transferred to herself as guardian, and paid out on checks issued as guardian. H accounted for said funds as guardian. The probate court fixed a nominal bond for the trustee and a substantial bond for the guardian. The probate court, in passing on the guardian's account, disallowed certain checks issued by the guardian, and found a balance due from the guardian of $5,722.23. The Globe Indemnity Company was surety on both bonds, and made application in the probate court to have the funds charged back to H as trustee under the will. *Held,* that the guardian was properly charged with said funds.

(Decided  October  4,  1926.)

ERROR: Court of Appeals for Franklin county.

*Messrs. Vorys, Sater, Seymour & Pease,* and *Mr. J. M. Rankin,* for plaintiff in error.